Chief Justice Bibb
delivered the Opinion of the Court.
Devices and Bradford seek to be relieved from a judgment at law, on a note given by them toDallaiju They allege that Dallam as agent and trusted of James Coleman and Robert M’Gowan, exposed to sale a number of tracts of land at auction; that the lands purchased by them were represented as held by Coleman, under sales and purchases by him, under "the revenue laws of the United States; that they did not expect a warranty of the lands, but expected that the purchases of Coleman had been fairly made; that the evidences of title were not explained nor exhibited, at or before the sale;'but that since, they have discovered that Coleman, acting as collector of the revenue of thq United States, sold many of these tracts himself, and himself became the purchaser, issuing the certificates of purchase to himself, under the fiction of Daniel Coleman and Co. of which firm there was no member but himself, and that this inode was devised by him to cover the illegality of being himself the seller and the buyer; that these (and other matters of complaint not necessary to be recited here,) were known to Dallam and Coleman, but unknown and not disclosed to the complainants.
The subpoena was duly executed on Coleman, and be failed to answer, so the bill, as to him, was taken pro confesso.
Dallam’s answer.
Exceptions to Dallam’s answer, first sustained and then overruled.
Exceptions to answer having been well taken, but overruled the parts of the bill not answered, taken for confessed.
Purchase of lands made by a collector of the revenue in the name of a fictitious person, at a sale made by himself for taxes is nought, and his subse-qaent ven-dee of such lands, without notice of the fraud, may have the contract rescinded.
*103 Dallam by his answer, passes in silence, many of the charges above stated; but by way of avoidance, says the nature of the titles and evidences were explained at the time of sale; of this, however, he brings no proof; he says he represented the title fully, at the time of sale, as far as came within his knowledge; that when a claim was sold in the name of Daniel Coleman and company, it was represented as being in the name of the company, and sold without recourse; that he knows not how Coleman became possessed of those land claims; but presumes he came by them fairly and honestly. That .he has been ready and willing to comply on his part, with the terms of sale and the advertisement. He admits the note was given for the purchases as stated in the bill.
Dallam’s answer was excepted to for various causes stated, as evasive and not responsive to the bill. The exceptions were first sustained; but Dallam not answering further, after many terms moved the exceptions again, and they were overruled. The cause was heard on bill pro confesso as to Coleman, and the answer of Dallum and exhibits. The injunction was dissolved, and the bill dismissed with .costs. The complainants appealed.
The exceptions to Dallam’s answer were well taken. The facts not responded to, after exceptions, and no answer further, and the hearing upon Dallam’s persisting in his first insufficient answer, must now be taken as true.
J.ames Coleman, upon bill pro confesso, and by Dal-lam’s silence, stands before the court as buyer of himself and seller to himself, of the lands mentioned in the exhibits, issued by him as collector of the revenue, and bearing date in 1807.' He stands before the court as having used the fictitious name and firm of Daniel Coleman and co. to conceal this sale and purchase by himself to himself, in performing the duties of collector of a revenue. Dallam does not pretend that he disclosed this, for he would not answer to this charge, nor admit or deny it. He says he knows not how Coleman came by his claims. If he knew not, then he did not disclose these facts, *104 on the day of sale or before, for he could not disclose what he did not know. He says he did represent the title fully, as far as came within his knowledge. Dallam was only acting as agent and trustee of Coleman; he pretends not to any other act or part.
Dana, for appellants; Wickliffc, for appellee.
It appears then, that as to these certificates, in the name of Daniel Coleman and co, the complainants were grossly imposed upon, they acquired by their purchase of these, not lands, nor any claim thereto, in law or equity, or any thing more valúale than moonshine; Coleman and Dallam had as well have sold to the complainants the horns of the moon, indeed, without entering into tedious details, it appears throughout, that the ^complainants have been bubbled.
It is ordered and decreed by this court, that the decree of the circuit court be reversed; that the cause be remanded with directions to perpetuate the injunction with costs; and to rescind the purchases and sales in thebill complained of.
The appellants to recover their costs in this court, in the prosecution of their appeal expended.